IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham Medrano-Ambris, | CIV-12-0024-PHX-PGR (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Katrina Kane, et al., | |
| Respondents. | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Petitioner Abraham Medrano-Ambris (A079-498-468), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is a native and citizen of Mexico. In November 2010, Petitioner was taken into custody and placed in removal proceedings. He was held in mandatory detention under 8 U.S.C. § 1226(c) because he had been convicted of qualifying criminal offenses. On May 23, 2011, an Immigration Judge (IJ) entered a removal order against him. On August 19, 2011, the Board of Immigration Appeals (BIA) dismissed his appeal. His petition for review is currently pending in the United States Court of Appeals for the Ninth Circuit. See Medrano-Ambris v. Holder, No. 11-72518 (9th Cir. pet. filed Aug. 26, 2011). The Ninth Circuit granted a temporary stay of removal pending a ruling on Petitioner's motion for stay of removal, which the Government has opposed.

Petitioner requested that an IJ redetermine his custody status under <u>Casas-Castrillon v. Dep't of Homeland Sec.</u>, 535 F.3d 942 (9th Cir. 2008). On September 14, 2011, the IJ held that he lacked jurisdiction to grant Petitioner release on bond because under <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011), an alien's detention only becomes "prolonged" six months after he filed a petition for review. On December 20, 2011, the BIA affirmed the IJ's decision.

In his Petition, Petitioner claims that his mandatory detention without bond is unlawful. He argues that under <u>Casas-Castrillon</u>, the statutory authority for his detention shifted from mandatory detention under 8 U.S.C. § 1226(c) to discretionary detention under 8 U.S.C. § 1226(a) when he appealed his administratively final order of removal to the Ninth Circuit and was granted a temporary stay of removal on August 26, 2011. He also argues that his continued detention violates his substantive and procedural due process rights under the Fifth Amendment. He seeks a declaration that his current detention is unlawful and an order for his release from custody unless Respondents provide him a custody hearing before neutral decision-maker with the authority to grant bond.

On February 17, 2012, Petitioner filed a Motion to Voluntarily Dismiss Petition for Writ of Habeas Corpus (Doc. 16). Petitioner explains that on February 14, 2012, he was granted a bond hearing by an IJ, who ordered him released upon the posting of a $10,000 bond. Therefore, Petitioner contends that he has received the relief requested in his Petition and moves that the Court dismiss his Petition accordingly.

In light of the fact that Petitioner has received the relief requested in his Petition and it appearing that no case or controversy remains, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Voluntarily Dismiss Petition for Writ of Habeas Corpus (Doc. 16) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without prejudice;

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Preliminary Injunction (Doc. 4) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of February, 2012.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge